Fourth Court of Appeals
San Antonio, Texas



## OPINION

No. 04-21-00534-CV

**IN THE INTEREST OF J.R.M.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-PA-00113
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Dissenting Opinion by: Liza A. Rodriguez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 6, 2022

AFFIRMED

In this parental rights termination case, the trial court terminated Mom's parental rights to her child J.R.M.[i] On appeal, Mom challenges the legal and factual sufficiency of the evidence supporting the trial court's finding on the best interest of the child.

Because the evidence was legally and factually sufficient under the heightened evidentiary standards to support the trial court's finding, we affirm the trial court's order.

### BACKGROUND

When Mom could not care for J.R.M., she arranged for her cousin to take in J.R.M. J.R.M. lived with Mom's cousin's family beginning in May 2020, but in January 2021, the Department

---

[i] We use aliases to protect the child's identity. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

received a referral indicating that J.R.M. had inappropriately touched another child in the home. Because Mom was then incarcerated on charges of human trafficking and prostitution, J.R.M. was placed in a foster home.

The Department created a service plan for Mom, which included a psychological evaluation, completing courses in parenting and domestic violence, and obtaining and maintaining stable housing and employment. Mom completed the psychological evaluation, but she did not submit to any drug testing, complete the parenting or domestic violence courses, or provide proof of stable housing or employment.

After a less than half-day bench trial on the merits, the trial court found by clear and convincing evidence that Mom's course of conduct met the grounds in Family Code subsections 161.001(b)(1)(N), (O), and (P), and that terminating Mom's parental rights was in J.R.M.'s best interest. The trial court terminated Mom's parental rights to J.R.M. and appointed the Department as J.R.M.'s permanent managing conservator, and Mom filed a notice of appeal.

Before we address Mom's sole issue, we briefly recite the applicable evidentiary and appellate review standards.

### EVIDENCE REQUIRED, STANDARDS OF REVIEW

"[I]n a bench trial, the judge as the trier of fact weighs the evidence, assesses the credibility of witnesses and resolves conflicts and inconsistencies." *In re S.J.R.-Z.*, 537 S.W.3d 677, 691 (Tex. App.—San Antonio 2017, pet. denied); *accord In re F.M.*, 536 S.W.3d 843, 844 (Tex. App.—San Antonio 2017, no pet.).

On review, an appellate court must not "substitute its own judgment for that of a reasonable factfinder." *In re Commitment of Stoddard*, 619 S.W.3d 665, 668 (Tex. 2020); *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).

The evidentiary standard[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal and factual sufficiency[3] standards of review. We apply these standards here.

BEST INTEREST OF THE CHILD

In her only issue, Mom argues the evidence was legally and factually insufficient to support the trial court's finding that terminating her parental rights is in J.R.M.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

## A.      Unchallenged Statutory Grounds Findings

When accompanied by a best interest of the child finding, a single statutory ground finding is sufficient to support a parental rights termination order. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re R.S.-T.*, 522 S.W.3d 92, 111 (Tex. App.—San Antonio 2017, no pet.).

Here, the trial court found Mom constructively abandoned the child, failed to comply with her Family Service Plan, and used a controlled substance in a manner that endangered the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P).

Mom does not challenge the grounds findings; she challenges only the best interest finding.

## B.      Best Interest of the Child Factors

The Family Code statutory factors[4] and the *Holley* factors[5] for best interest of the child are well known. Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the best interest of the child.

The trial court heard the following testimony regarding Mom's course of conduct, including, e.g., her history of substance abuse, her criminal history and pending criminal charges, her interactions with J.R.M., her ability to provide for J.R.M.'s needs, and J.R.M.'s placement.

**C.**     **Mom's Ability to Meet Child's Needs**

*1.     Mom's Service Plan*

Mom's service plan required her to complete a psychological evaluation, and complete courses in parenting and domestic violence.  The plan also required Mom "to find a stable job so that she will be able to show the Department proof that she is able to maintain a stable home for [J.R.M.] to be safe in."  The plan did not expressly require random drug testing—that testing was required by the court's February 5, 2021 order.  The case worker reviewed with Mom the plan, and the trial court's requirement that Mom submit to random drug testing.  Mom acknowledged that the case worker reviewed the plan with her.

*2.     Indicia of Parent-Child Relationship*

During the great majority of the time this case was pending, Mom lived in Arizona, but she did not provide her address to the Department.  She visited with J.R.M. only virtually, she had not seen him in person for over one year, and J.R.M. does not have a bond with Mom.

Though she denied her guilt, Mom admitted she was previously arrested for human trafficking and prostitution, and she has those same charges pending against her in Louisiana.  The caseworker noted that while J.R.M. was still in Mom's care, she allowed him to be cared for by an adult male who had a criminal history of abusing a child.  *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (7), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H)).

*3.     Safe, Stable Housing*

Under her service plan, Mom was required to establish and maintain stable housing for J.R.M.  Although the caseworker counseled with Mom about the plan requirements, Mom failed to provide her home address, which was in Arizona, until shortly before trial, and the Department was not able to verify that Mom lived at that address or had safe, stable housing for J.R.M.  *See*

TEX. FAM. CODE ANN. § 263.307(b)(11), (12); *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) (factors (B), (C), (D), (G), (H)).

### 4. *Providing for Child's Needs*

Under her service plan, Mom was also required to provide proof of stable employment. When asked how she could provide for her children, Mom testified that she was self-employed as a hair stylist, but she did not provide proof of employment or income as required. Further, during the case, Mom did not provide any support for J.R.M. *See* TEX. FAM. CODE ANN. § 263.307(b)(11), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H), (I)).

### 5. *Substance Abuse*

Mom had a history of drug abuse, and she was admonished in her service plan and by the trial court that if she did not comply with her plan's requirements, she could lose her parental rights to J.R.M. Despite the trial court's order for her to submit to random drug testing, Mom denied that she had to be drug tested, and it is undisputed that Mom did not submit to even a single drug test. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)).

### 6. *J.R.M.'s Placement*

J.R.M. is currently living with his great aunt. The great aunt is ensuring all of J.R.M.'s needs are met, including his physical and emotional needs, and she will be able to meet them in the future. The great aunt is willing to continue caring for J.R.M. indefinitely, and she wants to adopt him. J.R.M. is bonded to his great aunt, and he is very happy living with her. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (A), (B), (C), (D), (F), (G)).

**D.      Ad Litem's Recommendation**

The ad litem recommended that it was in J.R.M.'s best interest that Mom's rights be terminated so that J.R.M. could continue to live with his great aunt and be adopted by her. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (7), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (F), (G), (H)).

**E.      Sufficient Evidence**

The trial court could have believed the testimony that Mom, despite her denial, had an ongoing substance abuse problem and she failed to complete any drug testing to avoid detection; she failed to provide proof of safe, stable housing; she failed to show stable employment; she failed to have meaningful contact with J.R.M.; and she was at risk of future incarceration for pending charges of human trafficking and prostitution. *See In re S.J.R.-Z.*, 537 S.W.3d at 691; *In re F.M.*, 536 S.W.3d at 844. It could also have believed the testimony that J.R.M. is doing well living with his great aunt and that she is meeting his present needs and would meet his future needs sufficient for him to thrive. *See In re S.J.R.-Z.*, 537 S.W.3d at 691; *In re F.M.*, 536 S.W.3d at 844.

Having reviewed the evidence under the appropriate standards, we conclude the trial court could have "reasonably form[ed] a firm belief or conviction" that it was in J.R.M.'s best interest for Mom's parental rights to be terminated. *See In re H.R.M.*, 209 S.W.3d at 108 (citing *In re C.H.*, 89 S.W.3d at 25). Therefore, the evidence was legally and factually sufficient to support the trial court's best-interest-of-the-child finding. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

We overrule Mom's sole issue.

### CONCLUSION

For the reasons given above, we affirm the trial court's order.

Patricia O. Alvarez, Justice

[1] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code and terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *In re D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Mom's course of conduct met grounds (N), (O), and (P):

(N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
(i) the department has made reasonable efforts to return the child to the parent;
(ii) the parent has not regularly visited or maintained significant contact with the child; and
(iii) the parent has demonstrated an inability to provide the child with a safe environment;
(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]
(P) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:
(i) failed to complete a court-ordered substance abuse treatment program; or
(ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

*Id.* § 161.001(b)(1).

[3] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re H.R.M.*, 209 S.W.3d at 108.

[4] Statutory Factors for Best Interest of the Child. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

(1) the child's age and physical and mental vulnerabilities;
(2) the frequency and nature of out-of-home placements;
(3) the magnitude, frequency, and circumstances of the harm to the child;
(4) whether the child has been the victim of repeated harm after the initial report and intervention by the department;
(5) whether the child is fearful of living in or returning to the child's home;
(6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;
(7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;
(8) whether there is a history of substance abuse by the child's family or others who have access to the child's home;
(9) whether the perpetrator of the harm to the child is identified;
(10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;
(11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;

(12) whether the child's family demonstrates adequate parenting skills, including providing the child and other children under the family's care with:
 (A) minimally adequate health and nutritional care;
 (B) care, nurturance, and appropriate discipline consistent with the child's physical and psychological development;
 (C) guidance and supervision consistent with the child's safety;
 (D) a safe physical home environment;
 (E) protection from repeated exposure to violence even though the violence may not be directed at the child; and
 (F) an understanding of the child's needs and capabilities; and
(13) whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018) (recognizing statutory factors).

[5] *Holley* Factors. The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:
 (A) the desires of the child;
 (B) the emotional and physical needs of the child now and in the future;
 (C) the emotional and physical danger to the child now and in the future;
 (D) the parental abilities of the individuals seeking custody;
 (E) the programs available to assist these individuals to promote the best interest of the child;
 (F) the plans for the child by these individuals or by the agency seeking custody;
 (G) the stability of the home or proposed placement;
 (H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
 (I) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).